**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

WILL AUSTIN,

        Plaintiff,

        v.

AZUCAR TAPAS BAR CORPORATION,

        Defendant.

**Case No.:**

## COMPLAINT AND JURY DEMAND

Plaintiff Will Austin ("Plaintiff") by his undersigned attorneys, Duane Morris LLP, brings this lawsuit against defendant Azucar Tapas Bar Corporation ("Defendant"), and for his Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1.      This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1) and 501, *et seq.* Plaintiff seeks compensatory and statutory damages in an amount to be established at trial, and injunctive relief to prevent irreparable harm that would result from further infringement by the Defendant.

### PARTIES

2.      Plaintiff is a professional photographer who works and resides in Bellevue, Washington.

3.      Defendant is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business located at 51 Main Street, Maynard, MA 01754. Defendant's registered agent is its President, Sergio Moreno, who

identified an address at 4 Whitney Ave., Maynard, MA  01754, in the 2022 annual report filed on behalf of Defendant with the Commonwealth of Massachusetts Secretary of State.

4.      Throughout the time period relevant to this lawsuit, Defendant has owned and operated a website used to promote its restaurant business services located at the URL http://www.azucartapasbar.com/ (the "Website").

## JURISDICTION AND VENUE

5.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338)(a) (jurisdiction over copyright actions).

6.      Personal jurisdiction over Defendant is proper.  Defendant is conducting business, and has committing the acts giving rise to this copyright infringement lawsuit, in the Commonwealth of Massachusetts.

7.      Pursuant to 28 U.S.C. § 1400(a), venue properly lies in this District because Defendant resides and / or may be found here.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.      Plaintiff's Business**

8.      Plaintiff is an award-winning architectural, industrial and editorial photographer. Among the many stylized and valuable photographs he has taken, Plaintiff is the original author of a photographic image of an Oleaje-Flamenco Dancer (the "Copyrighted Work"), a copy of which is attached hereto as **Exhibit A**.

9.      On June 23, 2016, Plaintiff obtained a registration with the United States Copyright Office for the Copyrighted Work (among other photographs).  Attached hereto as

**Exhibit B** is a copy of the certificate for Registration Number VAu 1-258-522 obtained from the United States Copyright Office.

10.     Plaintiff's client published the Copyrighted Work on her website, with Plaintiff's permission.

**B.     Defendant's Unlawful Activities**

11.     Plaintiff discovered that Defendant was infringing Plaintiff's exclusive copyright in the Copyrighted Work by reproducing, displaying and distributing the Copyrighted Work on its Website.

12.     Specifically, Plaintiff discovered the Copyrighted Work reproduced, distributed and publicly displayed, without Plaintiff's authorization, at the following Website page URLs:

- https://www.azucartapasbar.com/musica
- https://www.azucartapasbar.com/cocteles
- https://www.azucartapasbar.com/menu
- https://www.azucartapasbar.com/

13.     A screenshot evidencing the Defendant's infringing reproduction, distribution and public display of the Copyrighted Work is attached hereto as **Exhibit C**.

14.     Defendant's infringing use of the Copyrighted Work on its Website was for the commercial purposes of promoting its restaurant services to customers and potential customers by displaying a striking and fittingly themed professionally created image.  Defendant sought, and on information and belief has, profited from the infringing use of the Plaintiff's Copyrighted Work to promote and sell its restaurant services, without paying the Plaintiff (or anyone else) for a license or other permission to reproduce, display, distribute or otherwise use the Copyrighted Work.

15.     Defendant was aware that it did not own and had no license or other permission to use the Copyrighted Work on its commercial Website in order to promote Defendant's business.

On information and belief, Defendant made no effort to obtain a license or other permission to reproduce, display and distribute the Copyrighted Work on its commercial Website, acting in reckless disregard of Plaintiff's exclusive copyrights.

16.     On August 17, 2023, Plaintiff by and through counsel served notice on the Defendant of its infringing reproduction, distribution and public display of the Copyrighted Work and demanded that Defendant confirm that it has ceased all such infringing activity, among other relief.  Defendant has refused to respond to Plaintiff's notice and demand letter.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq*.)

17.     Plaintiff realleges paragraphs 1 through 16 above and incorporates them by reference as if fully set forth herein.

18.     The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff owns the sole and exclusive copyrights in the Copyrighted Work, including without limitation the right to sue for infringement.

19.     Plaintiff timely registered his Copyrighted Work with the Copyright Office prior to Defendant's commencement of its infringing activities.

20.     Defendant has infringed and violated Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. § 106 *et seq*., in Copyrighted Work by copying, distributing and publicly displaying the Copyrighted Work on its commercial Website.

21.     Defendant's infringement of Plaintiff's copyrights has been willful and deliberate, or at a minimum in reckless disregard of Plaintiff's exclusive copyrights in the Copyrighted Work, and Defendant has profited from its infringing conduct at the expense of Plaintiff.

22.     As a result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized and uncompensated uses of the Copyrighted Work, and in addition, Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits connected to sales of its services to customers who visited its Website while Defendant displayed and distributed the Copyright Work without authorization, pursuant to 17 U.S.C. § 504(b).

23.     In the alternative, and at Plaintiff's election any time prior to entry of judgment, Plaintiff is entitled to an award of statutory damages, up to a maximum amount of $150,000, as a result of Defendant's willful infringement of the Copyrighted Work, or up to a maximum amount of $30,000 if Defendant's infringement is determined not to have been willful, pursuant to 17 U.S.C. § 504(c).

24.     Plaintiff also is entitled to seek recovery of his costs of this lawsuit, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendant has infringed Plaintiff's copyrights in the Copyrighted Work in violation of the Copyright Act;

2.     A declaration that such infringement has been willful;

3.     An award of Plaintiff's actual damages and a disgorgement of Defendant's profits, under 17 U.S.C. § 504(b), as shall be determined at trial, or, at Plaintiff's election, an award of statutory damages in an amount determined at trial, pursuant to 17 U.S.C. § 504(c);

4.     An award of Plaintiff's costs and expenses incurred in this action, including his reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

5.     An award of interest, including pre-judgment interest, on the foregoing sums;

6.     A permanent injunction prohibiting Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

(a)     directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

(b)     directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of the Copyrighted Work.

7.     For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: September 22, 2023                    Respectfully submitted,

                                             **DUANE MORRIS LLP**

                                             _____/s/ Steven M. Cowley_____
                                             Steven M. Cowley (BBO No. 554534)
                                             100 High Street, Suite 2400
                                             Boston, MA 02110-1724
                                             Telephone: (857) 488-4261
                                             Facsimile: (857) 401-3090
                                             SMCowley@duanemorris.com

                                             *Counsel for Plaintiff Will Austin*